# JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 08 CV 6844

------------------------------------------------------------- x

RORIE D. AVERILL, PATRICK P. FELIX, and
LANCE A. WILKINSON,

**ECF CASE**

Plaintiffs.     **COMPLAINT**

-against-

THE CITY OF NEW YORK, SERGEANT ALEXANDER     Jury Trial Demanded
SALADINI, shield no. 051318, POLICE OFFICER
EDWARD GARCIA, shield no. 05764, and POLICE
OFFICERS JOHN DOE 1-8,

Defendants.

RECEIVED
JUL 31 2008
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the
violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth
Amendments to the United States Constitution, and the laws of the State of New York. This case
arises from an August 22, 2007 incident in which the City of New York and several members of
the New York City Police Department ("NYPD") subjected plaintiffs to false arrest, excessive
force, assault, battery, an unlawful strip search, fabricated evidence, malicious prosecution and
negligence. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of
costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth,
and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon
this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their state law claims of false arrest, assault, battery, malicious prosecution, and negligence.  With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiffs' state law claims.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because the acts in question occurred in New York County.

## PARTIES

5.      Plaintiff AVERILL is a resident of the State of New York, County of Kings.

6.      Plaintiff FELIX is a resident of the State of New York, County of Kings.

7.      Plaintiff WILKINSON is a resident of the State of New York, County of Kings.

8.      The City of New York is a municipal corporation organized under the laws of the State of New York.

9.      Defendant SERGEANT ALEXANDER SALADINI (hereinafter "SALADINI") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on August 22, 2007.  SALADINI is sued in his individual capacity.

10.      Police Officer EDWARD GARCIA (hereinafter "GARCIA") is a member of the NYPD who was involved in the arrest of plaintiffs, and the events arising out of plaintiffs' arrest, on August 22, 2007.  GARCIA is sued in his individual capacity.

11.    Police Officers JOHN DOE 1-8 are members of the NYPD who were involved in the arrest of plaintiffs, and the events arising out of plaintiffs' arrest, on August 22, 2007. JOHN DOE 1-8 are each sued in their individual capacity.

## STATEMENT OF FACTS

12.    On or about August 22, 2007, at approximately 2:30pm plaintiffs were walking inside or about the premises located at 220 Audobon Avenue, New York, New York.

13.    Upon information and belief, the aforementioned location is an apartment building with signs posted "No trespassing" and "Tenants and their guests only."

14.    On the aforementioned date, plaintiffs had permission and authority to remain on the premises as invited guests of a resident of the apartment building and were not participants in any crime.

15.    On the aforementioned date and time, defendants SALADINI, GARCIA, and several other New York City Police Officers, identified herein as JOHN DOE 1-8 arrested plaintiffs without cause.

16.    In the course of seizing plaintiff AVERILL, the officers used excessive force and assaulted and battered plaintiff by maliciously and unnecessarily throwing plaintiff against a wall, twisting plaintiff's arm, and handcuffing plaintiff excessively tight causing marks and interference with his circulation.

17.    In the course of seizing plaintiff FELIX, the officers used excessive force and assaulted and battered plaintiff by maliciously and unnecessarily throwing plaintiff against a wall, kicking plaintiff behind his knees, causing plaintiff's legs to buckle and fall to the ground, holding plaintiff at gunpoint on his knees, against the wall for approximately ten to fifteen minutes, searching plaintiff's pockets and handcuffing plaintiff excessively tight.

18.     In the course of seizing plaintiff WILKINSON, the officers used excessive force and assaulted and battered plaintiff by maliciously and unnecessarily throwing plaintiff against a wall, kicking plaintiff's legs apart causing plaintiff to fall to his knees, searching plaintiff and handcuffing plaintiff excessively tight.

19.     The officers then transported AVERILL, FELIX and WILKINSON to the 33rd Precinct for arrest processing.

20.     At the 33rd Precinct, lacking reasonable suspicion to believe plaintiffs were in possession of contraband, the officers ordered plaintiffs to remove their clothing and unlawfully strip searched plaintiffs on two separate occasions.

21.     On August 23, 2007 AVERILL was arraigned on a misdemeanor complaint in New York County Criminal Court under Docket No. 2007NY064011 charging plaintiff with Trespass and Criminal Possession of Marihuana. Bail was set and AVERILL was held in custody for a total of approximately three (3) days.

22.     On August 23, 2007 FELIX was arraigned on a misdemeanor complaint in New York County Criminal Court under Docket No. 2007NY064017 charging plaintiff with Trespass.

23.     On August 23, 2007 WILKINSON was arraigned on a misdemeanor complaint in New York County Criminal Court under Docket No. 2007NY064011 charging plaintiff with Trespass and Criminal Possession of Marihuana.

24.     On November 29, 2007 all charges against AVERILL were dismissed.

25.     All charges against FELIX were dismissed.

26.     On November 29, 2007 all charges against WILKINSON were dismissed.

27.    As a result of defendants' actions, plaintiff AVERILL suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

28.    As a result of defendants' actions, plaintiff FELIX suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

29.    As a result of defendants' actions, plaintiff WILKINSON suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

**FEDERAL CLAIMS AGAINST SERGEANT ALEXANDER SALADINI, POLICE OFFICER EDWARD GARCIA, AND POLICE OFFICERS JOHN DOE 1-8**

30.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-29 as if fully set forth herein.

31.    The conduct of SALADINI, GARCIA, and JOHN DOE 1-8, as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST SERGEANT ALEXANDER SALADINI, POLICE OFFICER EDWARD GARCIA, AND POLICE OFFICERS JOHN DOE 1-8**

32.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33.    The conduct of SALADINI, GARCIA, and JOHN DOE 1-8, as described herein, amounted to false arrest, assault, battery, malicious prosecution, and negligence in violation of the laws of the State of New York.

## FEDERAL CLAIM AGAINST THE
## CITY OF NEW YORK

34.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35.    The City of New York directly caused the constitutional violations suffered by plaintiffs.

36.    Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including SALADINI, GARCIA, and JOHN DOE 1-8 are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

37.    The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## STATE LAW CLAIMS AGAINST THE
## CITY OF NEW YORK

38.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39.    Because SALADINI, GARCIA, and JOHN DOE 1-8 were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, malicious prosecution, and negligence.

40.    Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained SALADINI, GARCIA, and JOHN DOE 1-8.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    July 30, 2008
          Brooklyn, New York

IZABEL OLSZOWA GARCIA (IG 2844)
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835