# MEMO ENDORSED



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Sumit Sud**
*Assistant Corporation Counsel*
ssud@law.nyc.gov
(212) 788-1096
(212) 788-9776 (fax)



August 20, 2008

**BY HAND DELIVERY**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08
```

Re:   Rorie D. Averill et al., v. City of New York et al.
       08 Civ. 6844 (PKC)

Your Honor,

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until October 20, 2008, to answer or otherwise respond to plaintiffs' complaint. Plaintiffs' counsel Izabel O. Garcia, Esq., was not available for her consent to this request, however, under the circumstances, defendant has no reason to believe plaintiff would object hereto. This is defendant City's first request for an enlargement of time to answer.

In addition to the City of New York, plaintiffs name Sergeant Alexander Saladini as a defendant. Upon reviewing the Civil Docket Sheet for the above referenced matter, it does not appear that Sergeant Saladini has been served with process. A decision concerning this Office's representation of Sergeant Saladini has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, assuming that he is severed, given the time involved in determining the representation of police officers, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiffs allege that, on or about August 22, 2007,

plaintiffs claims to have been invited guests of a resident of a building located on 220 Audobon Avenue in New York, when they were unlawfully stopped and arrested by defendant police officers. During the course of the arrest all three plaintiffs allege they were subject to excessive force by members of the New York City Police department, resulting in physical injuries to plaintiffs. In addition, after being transported to the precinct defendants subjected plaintiffs to a strip search, without cause or justification. Plaintiffs also appear to allege that they were maliciously prosecuted insofar as the underlying criminal charges brought against them were dismissed by the District Attorney's Office. To that end, this office is in the process of forwarding to plaintiffs for their execution N.Y.C.P..L. §160.50 releases so that we can access the sealed records from their underlying criminal prosecution, including the Criminal Court files, the District Attorney's files, and even our own police records. Furthermore, this office is also in the process of forwarding a HIPPA compliant medical releases to plaintiffs so that we can access plaintiffs' medical records.

    Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended until October 20, 2008. Thank you for your consideration of this request.

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc: Izabel Olszowa Garcia, Esq.
Attorney for Plaintiff
26 Court Street Suite 1815
Brooklyn, New York 11242  (By First Class Mail)

Application Granted.

So Ordered:

Hon. P. Kevin Castel, U.S.D.J.

8/25/08